UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACKIE BERGER,

    Plaintiff,

v.                                                    Case No. 3:22-cv-1033-MMH-PDB

CJ WALKER, et al.,

    Defendants.

_____

# ORDER

## I. Status

Plaintiff Jackie Berger, an inmate in the custody of the Florida Department of Corrections (FDOC), initiated this action on September 20, 2022, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1)[1] pursuant to 42 U.S.C. § 1983. In the Complaint, Berger names as Defendants: (1) Lieutenant C.J. Walker, (2) Sergeant J. Stokes, and (3) Dr. F. Cruz-Vera. Complaint at 2, 6. He raises claims of excessive force, deliberate indifference to a serious medical need, and retaliation. See id. at 3–6. Berger requests injunctive relief and monetary damages. Id. at 8–9.

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

This matter is before the Court on Defendant Dr. Cruz-Vera's Motion to Dismiss (Motion; Doc. 21). Berger filed a response in opposition to the Motion. See Plaintiff's Opposition in Response to Defendant Cruz Motion to Dismiss (Response; Doc. 22). In support of the Response, Berger submitted exhibits. See Docs. 22-1 through 22-5. Therefore, the Motion is ripe for review.

## II. Plaintiff's Allegations[2]

In the Complaint, Berger alleges that he suffers from asthma, and he received treatment for his "chronic breathing condition" at Broward County Jail. Complaint at 3. Broward County Jail transferred his medical records to the FDOC, and when Berger arrived in FDOC custody on August 13, 2019, Nurse Folsom examined him. Id. Nurse Folsom allegedly repackaged his medical records and stated, "'I will make sure these records get copied and added to your active file.'" Id. According to Berger, Nurse Folsom also placed name stickers on his two inhalers—Alvesco and Xopenex. Id.

Berger alleges that on May 6 and 14, 2020, at Suwannee Correctional Institution, Lieutenant Walker and Sergeant Stokes administered pepper

---

[2] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Berger, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

2

spray on "unit #1" because of a disturbance. Id. at 4. According to Berger, he experienced difficulty breathing, which resulted in an asthma attack. Id. Berger allegedly asked Lieutenant Walker and Sergeant Stokes for medical attention, but they ignored him. Id. Berger maintains he previously informed Lieutenant Walker of his asthma and inhalers. See id. at 3.

Berger asserts that on June 6, 2020, he filed a sick call request "but [he] was systematically denied care." Id. at 5. On June 10, 2020, he filed another sick call request "but [he] was systematically denied medical care by Dr. Cruz Vera of failing to follow prescription of breathing treatment." Id. He further alleges that "Nurse Cherry-Williams informed Dr. Cruz-Vera of need for emergency treatment but he never provided the necessary prescribed breathing treatment. . . ." Id. at 8.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless,

the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709)).

### IV. Summary of the Arguments

In his Motion, Dr. Cruz-Vera argues that Berger's claim against him should be dismissed because Berger has not alleged facts sufficient to state an Eighth Amendment deliberate indifference claim. See Motion at 6–10. He further contends that, even assuming dismissal of the claim against him is not warranted, the Court should strike Berger's request for punitive damages

5

because Berger has alleged insufficient facts to support it. See id. at 10–11. In response, Berger argues that he states a plausible Eighth Amendment claim against Dr. Cruz-Vera and that he alleges facts sufficient to support his claim for punitive damages. See Response at 5–6.

## V. Analysis

### A. Eighth Amendment Deliberate Indifference

Pursuant to the Eighth Amendment of the United States Constitution, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To prevail on a deliberate indifference claim, a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306–07 (11th Cir. 2009).

> "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). To meet the first prong, the plaintiff must demonstrate an "objectively serious medical need"—i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," and, in either instance, "one that, if left unattended, poses a substantial risk of serious harm." Id. (alteration adopted) (quotations omitted). To satisfy the second, subjective prong, the plaintiff must prove that the prison officials "acted with deliberate indifference to [his serious medical] need." Harper v. Lawrence Cnty., 592 F.3d 1227, 1234 (11th Cir. 2010) (quotation omitted). "To establish deliberate indifference," a plaintiff must demonstrate that the prison officials "(1) had subjective knowledge of a risk of serious harm; (2)

7

> disregarded that risk; and (3) acted with more than gross negligence." Id. (quotation omitted).[3] An inmate-plaintiff bears the burden to establish both prongs. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007).

Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) (footnote omitted). Importantly, for allegedly inadequate medical treatment to rise to the level of a constitutional violation, the care must be "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Hoffer, 973 F.3d at 1271 (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Grossly incompetent or inadequate care can constitute deliberate indifference . . . as can a doctor's decision to take an easier and less efficacious course of treatment" (internal citation omitted) or fail to respond to a known medical problem).

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Indeed, the law is

---

[3] The Eleventh Circuit previously recognized "a tension within [its] precedent regarding the minimum standard for culpability under the deliberate-indifference standard." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 n.2 (11th Cir. 2020). Regardless, the court stated that the "competing articulations–'gross' vs. 'mere' negligence"–may be "a distinction without a difference" because "no matter how serious the negligence, conduct that can't fairly be characterized as reckless won't meet the Supreme Court's standard." Id.; see also Patel v. Lanier Cnty., 969 F.3d 1173, 1188 n.10 (11th Cir. 2020).

8

well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotations and citation omitted). Moreover, the Eleventh Circuit has noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

Here, Berger fails to present allegations sufficient to support a claim for an Eighth Amendment violation against Dr. Cruz-Vera. Berger's claims are conclusory in nature and devoid of facts that would allow the Court to draw a reasonable inference that Dr. Cruz-Vera acted with deliberate indifference to Berger's serious medical need. For instance, Berger asserts that Dr. Cruz-Vera denied him a breathing treatment on June 6, 2020. Complaint at 5. However, Berger pleads no facts to suggest that he continued to experience shortness of breath or chest pain after the pepper spray applications on May 6, and 14, 2020, or that Dr. Cruz-Vera's denial of breathing treatment aggravated his asthma. As such, he fails to state claim for relief against Dr. Cruz-Vera.

In his Response, Berger includes additional factual allegations. He asserts that approximately one hour after the final application of pepper spray, he asked Nurse Cherry-Williams for a breathing treatment "to alleviate [his] burning lungs[,] eyes[,] and skin. . . ." Response at 3. According to Berger, Nurse Cherry-Williams later returned and stated, "Berger[,] Dr. Cruz-Vera said you have upcoming chronic clinic w[h]ere he will see you th[e]n." Id. The Court notes that Berger may not amend his Complaint in a response to a motion to dismiss. See Fed. R. Civ. P. 7(b); Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (noting that a plaintiff cannot raise new arguments in

10

a response to a motion to dismiss and instead must seek leave to amend his complaint). Nevertheless, even assuming Berger properly pled these assertions, he still fails to state a claim for relief because no factual allegations suggest that the delay was unjustified or exacerbated his asthma. Based on the above, Berger has failed to plead facts sufficient to nudge his claim of deliberate indifference "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Therefore, the Motion is due to be granted.[4]

### B. First Amendment Retaliation

Berger also seemingly raises a First Amendment retaliation claim against Dr. Cruz-Vera. See Complaint at 6, 10. Dr. Cruz-Vera does not address this claim in the Motion. Nevertheless, the Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). "The core of [a retaliation claim brought pursuant to 42 U.S.C. § 1983] is that the prisoner is being retaliated

---

[4] Because Berger's Eighth Amendment claim against Dr. Cruz-Vera is due to be dismissed for failure to state a claim, the Court need not address Dr. Cruz-Vera's argument that Berger has not alleged sufficient facts to support his request for punitive damages.

11

against for exercising his right to free speech." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (citation omitted). It is firmly established that "an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). An inmate may pursue a cause of action against a prison official who retaliated against him for engaging in that protected speech. Id.

> [A plaintiff] can prevail on a retaliation claim if "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

Williams v. Radford, 64 F.4th 1185, 1192 (11th Cir. 2023). Here, Berger neither alleges that he engaged in protected speech, nor that Dr. Cruz-Vera's actions were taken in retaliation for protected speech. See generally Complaint. Therefore, the Court will dismiss Berger's First Amendment claim against Dr. Cruz-Vera for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

12

Accordingly, it is now

**ORDERED:**

1. Defendant Dr. Cruz-Vera's Motion to Dismiss (Doc. 21) is **GRANTED** to the extent provided in the Order. Berger's Eighth Amendment claim against Dr. Cruz-Vera is **DISMISSED without prejudice**.

2. Berger's First Amendment claim against Dr. Cruz-Vera is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The **Clerk** shall terminate Dr. Cruz-Vera as a Defendant in the case.

4. The Court will set deadlines for discovery and the filing of dispositive motions by separate order.[5]

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of January, 2024.

_____
MARCIA MORALES HOWARD
United States District Judge

---

[5] Defendants C.J. Walker and J. Stokes filed Answers (Docs. 18, 19).

Jax-9 1/10
c:     Jackie Berger, #M38196
       Counsel of record