UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACKIE BERGER,

        Plaintiff,

v.                                                    Case No. 3:22-cv-1033-MMH-PDB

CJ WALKER, et al.,

        Defendants.

_____

## **ORDER**

### **I. Status**

Plaintiff Jackie Berger, an inmate in the custody of the Florida Department of Corrections (FDC), initiated this action on September 20, 2022, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1)[1] under 42 U.S.C. § 1983. In the Complaint, Berger names as Defendants: (1) Lieutenant C.J. Walker, (2) Sergeant J. Stokes, and (3) Dr. F. Cruz-Vera.[2] Complaint at 2, 6. He raises claims of excessive force, deliberate indifference to a serious medical need, and retaliation. See id. at 3–6. Berger requests injunctive relief and monetary damages. See id. at 8–9.

_____

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[2] The Court previously dismissed the claims against Dr. F. Cruz-Vera. See Order (Doc. 26).

This matter is before the Court on Defendants Walker and Stokes's Motion to Dismiss Complaint for Failure to State a Claim (Motion; Doc. 31). Berger filed a response in opposition to the Motion. See Plaintiff's Response in Opposition[] to Defendants['] Motion to Dismiss 12(b)(6) (Response; Doc. 34). Therefore, the Motion is ripe for review.

As an initial matter, the Court notes that since Defendants Walker and Stokes (collectively Defendants) filed Answers (Docs. 18, 19) in this case, they cannot subsequently file a motion pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). See Fed. R. Civ. P. 12(b) (stating that a Rule 12(b)(6) motion must be filed "before pleading if a responsive pleading is allowed."). Under Rule 12(b), the Motion is technically untimely. Nevertheless, the defense of failure to state a claim is properly raised at this stage of the proceedings in a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(h)(2)(B); Skrtich v. Thornton, 280 F.3d 1295, 1307 n.13 (11th Cir. 2002) (noting that "a [Rule 12(b)(6)] motion may be construed as a request for judgment on the pleadings pursuant to [Rule] 12(c)") (emphasis original). Therefore, the Court construes the Motion as a motion for judgment on the pleadings.

## II. Berger's Allegations[3]

In the Complaint, Berger alleges that he suffers from asthma, and he received treatment for his "chronic breathing condition (asthma)" at Broward County Jail. Complaint at 3. Broward County Jail transferred his medical records to the FDC, and when Berger arrived in FDC custody on August 13, 2019, Nurse Folsom examined him. Id. Nurse Folsom allegedly repackaged his medical records and stated, "'I will make sure these records get copied and added to your active file.'" Id. According to Berger, Nurse Folsom also placed name stickers on his two inhalers—Alvesco and Xopenex. Id.

Berger asserts that on April 10, 2022, he moved dormitories. Id. He alleges that when he arrived at his new dormitory, Lieutenant Walker and Sergeant Edwards asked him whether he had any medical conditions. Id. Berger informed them that he had asthma and showed them his inhalers. Id. After Lieutenant Walker verified Berger's inhalers with medical, Sergeant Edwards stated, "Berger we called medical to verify if you are authorized to have those asthma pumps that way we (security) can add your name to our list

---

[3] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Berger, and accept all reasonable inferences that can be drawn from such allegations. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014); Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002). As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

3

in the office when [sic] case we gas you [sic] can be put in holding cell." Id. at 4.

Berger alleges that on May 6 and 14, 2020, at Suwannee Correctional Institution, Lieutenant Walker and Sergeant Stokes administered pepper spray on Unit 1 because of a disturbance. Id. Berger asserts that "[a]fter the first three (3) burst[s] were applied approximately 1–2 minutes later [he] began experiencing pain and difficult [sic] breathing which resulted in asthma attack." Id. According to Berger, he experienced an asthma attack because pepper spray fumes "drifted into the cell through the door." Id. He alleges that he "struggled to the door gasping for breath and called out to Lt. Walker and Sgt. Stokes about [his] inability to breath but [his] request for medical attention was ignored/denied by both officers." Id. Berger and his cellmate attempted to alleviate the effects of the pepper spray fumes by splashing water on Berger's face, but it only increased his chest pains and coughing. Id.

According to Berger, Lieutenant Walker and Sergeant Stokes possessed "actual knowledge" that Unit 1 did not have open windows, exhaust fans, or a proper ventilation system and that Berger was confined under conditions that posed a risk of serious harm. Id. Berger further contends that Lieutenant Walker and Sergeant Stokes failed to follow FDC policy by denying him a

decontamination shower or taking cautionary measures to prevent the aggravation of Berger's asthma. Id. at 5.

Berger asserts that on June 6, 2020, he filed a sick call request "but [he] was systematically denied care." Id. On June 10, 2020, he filed another sick call request "but [he] was systematically denied medical care by Dr. Cruz-Vera of failing to follow prescription of breathing treatment." Id. He further alleges that "Nurse Cherry-Williams informed Dr. Cruz-Vera of need for emergency treatment but he never provided the necessary prescribed breathing treatment. . . ." Id. at 8.

### III. Standard of Review

In ruling on a motion for judgment on the pleadings, the Court applies the same standard as applied when ruling on a motion to dismiss under Rule 12(b)(6). See Samara v. Taylor, 38 F.4th 141, 152 (11th Cir. 2022). Therefore, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some

5

minimal pleading requirements. <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth."

6

Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

## IV. Analysis

### A. Eighth Amendment Excessive Force and Deliberate Indifference

In the Complaint, Berger alleges Defendants violated the Eighth Amendment when they used excessive force and were deliberately indifferent to his serious medical need. See Complaint at 3–6. Pursuant to the Eighth Amendment to the United States Constitution, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments

7

inflicted." U.S. Const. amend. VIII. To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

With respect to the appropriate analysis in an excessive force case, the Eleventh Circuit has explained:

> "[T]he core judicial inquiry" requires [the Court] to consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins, 559 U.S. at 37, 130 S.Ct. 1175 (citation and quotation marks omitted).[4] This standard requires a prisoner to establish two elements—one subjective and one objective: the official must have both "acted with a sufficiently culpable state of mind" (the subjective element), and the conduct must have been "objectively harmful enough to establish a constitutional violation." Hudson, 503 U.S. at 8, 112 S.Ct. 995 (cleaned up).[5]
>
> With respect to the subjective element, "to have a valid claim on the merits of excessive force in violation of [the Eighth Amendment], the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm." Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir.

---

[4] Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam).
[5] Hudson v. McMillian, 503 U.S. 1 (1992).

8

2002); see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010).

> As for the objective component of an excessive-force violation, it focuses on whether the official's actions were "harmful enough," Hudson, 503 U.S. at 8, 112 S.Ct. 995, or "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991), to violate the Constitution. "Not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37, 130 S. Ct. 1175. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 37–38, 130 S. Ct. 1175. Instead, the Eighth Amendment prohibits force that offends "contemporary standards of decency," regardless of whether "significant injury is evident," though the extent of injury may shed light on the amount of force applied or "whether the use of force could plausibly have been thought necessary." Wilkins, 559 U.S. at 37, 130 S.Ct. 1175 (citation and internal quotation marks omitted).

Sconiers v. Lockhart, 946 F.3d 1256, 1265–66 (11th Cir. 2020). In determining whether an officer's use of force was applied maliciously and sadistically for the purpose of causing harm, courts consider five distinct factors:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as

9

> reasonably perceived by the responsible officials on the
> basis of facts known to them.

Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986); Hudson, 503 U.S. at 7). When considering these factors, courts "must also give a 'wide range of deference to prison officials acting to preserve discipline and security,' including when considering '[d]ecisions made at the scene of a disturbance.'" Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (quoting Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990)).

The Eighth Amendment also "imposes duties on [prison] officials . . . [to] provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence

standard" in determining whether an official acted with deliberate indifference to that serious medical need. See <u>Hoffer v. Sec'y, Fla. Dep't of Corr.</u>, 973 F.3d 1263, 1270 (11th Cir. 2020) ("To establish deliberate indifference, a plaintiff must demonstrate that the prison officials (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence.") (internal quotations omitted)); <u>see also</u> <u>Wade v. McDade</u>, 106 F.4th 1251, 1255 (11th Cir. 2024). Recently, however, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in <u>Farmer</u> and clarified that courts in this circuit should apply the "subjective recklessness" standard as used in criminal law. See <u>Wade</u>, 106 F.4th at 1253. Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [<u>Farmer</u>, 511 U.S. at 834].

> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," <u>id.</u> at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." <u>Id.</u> at 844–45.

Id. at 1262 (enumeration and emphasis omitted).[6]

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). The Eleventh Circuit has also noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007)[7] (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether

---

[6] The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Wade, 106 F.4th at 1265 (Jordan, J., concurring).

[7] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

In their Motion, Defendants argue that Berger fails to allege they subjected him to excessive force with the requisite intent. See Motion at 5. According to Defendants, "there is no dispute that [Berger] was the unintended victim of the Defendants' application of pepper spray" against other inmates who caused a disturbance in Unit 1. Id. (emphasis added). They contend that the alleged facts do not show Defendants acted maliciously and sadistically with the intent to harm Berger, and as such, Berger fails to state a claim for relief. See id. 5–6. In addition, Defendants assert that Berger does not sufficiently state a claim of deliberate indifference to his serious medical need. See id. at 8. They explain that his claim is "conclusory in nature and devoid of facts that would allow the Court to draw a reasonable inference that either Defendant acted with deliberate indifference." Id.

The Court finds Defendants' arguments persuasive. As to his excessive force claim, Berger's allegations fail to satisfy the Eighth Amendment's

13

subjective prong: whether the force was applied maliciously or sadistically. In the Complaint, Berger does not allege he was the subject of the application of chemical agents, but rather he alleges that Defendants used chemical agents to quell a "disturbance" in Unit 1. See Complaint at 4. Indeed, Berger asserts he was exposed to the fumes when they "drifted into [his] cell through the door." Id. Berger "never alleged—nor can [the Court] infer reasonably—that [Defendants] intended to spray or to otherwise harm [Berger]." Barcelona v. Rodriguez, 847 F. App'x 739, 741 (11th Cir. 2021) (per curiam). Without more, Berger's incidental exposure to pepper spray through his cell door is insufficient to establish Defendants had the requisite intent to harm him. See id. As such, Berger fails to state a plausible excessive force claim.

Regarding Berger's deliberate indifference claim, the Court similarly finds that he fails to plead facts sufficient to satisfy the subjective prong. Even assuming Berger suffered from a serious medical need, Berger has not shown that Defendants knew that their conduct caused a substantial risk of harm to him. Defendants did not spray Berger or his cellmate directly. And while Berger asserts that he shouted about his inability to breathe, no well-pled facts support the reasonable inference that Defendants heard his complaint. Berger admits that after every use of pepper spray, Defendants "would run off the

14

unit." Complaint at 5. Moreover, Berger shouted his complaint through a cell door while Defendants attempted to quell a disturbance. See id. at 4. Such allegations instead suggest that Defendants likely did not hear Berger's shout. Although Berger contends that Lieutenant Walker knew he had asthma, that assertion, by itself, is insufficient to support a deliberate indifference claim in the absence of any allegation that Lieutenant Walker sprayed Berger or his cell directly. Therefore, Berger fails to state a deliberate indifference claim, and the Motion is due to be granted.

### B. First Amendment Retaliation

Berger also appears to raise First Amendment retaliation claims against Defendants. See Complaint at 6. Defendants do not address this claim in their Motion. Nevertheless, the Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). "The core of [a retaliation claim brought pursuant to 42 U.S.C. § 1983] is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (citation omitted). It is firmly established that "an inmate is

15

considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). An inmate may pursue a cause of action against a prison official who retaliated against him for engaging in that protected speech. Id.

> [A plaintiff] can prevail on a retaliation claim if "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

Williams v. Radford, 64 F.4th 1185, 1192 (11th Cir. 2023). Here, Berger neither alleges that he engaged in protected speech, nor that Defendants' actions were taken in retaliation for protected speech. See generally Complaint. Therefore, the Court will dismiss Berger's First Amendment claim against Defendants for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is now

**ORDERED:**

1.      Defendants Walker and Stokes's construed Motion for Judgment on the Pleadings (Doc. 31) is **GRANTED**. Plaintiff Berger's Eighth Amendment deliberate indifference and excessive force claims against

16

Defendants Walker and Stokes are **DISMISSED with prejudice** for failure to state a claim.

2.      Plaintiff Berger's First Amendment claim against Defendants Walker and Stokes is **DISMISSED with prejudice** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

3.      The Clerk shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 10/29
c:      Jackie Berger, #M38196
        Counsel of record

17